**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/17/2025
CT Log Number 549387046

## Service of Process Transmittal Summary

**TO:**      Paula Larsen
         WERNER CO.
         61 EXECUTIVE CT, NORTH BUILDING
         WEST MIDDLESEX, PA 16159-3070

**RE:**      **Process Served in Louisiana**

**FOR:**     Werner Co.  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE FRANCISCO MEJIA GUEVARA // To: Werner Co. |
| **CASE #:** | C144445B |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/17/2025 at 09:22 |
| **JURISDICTION SERVED:** | Louisiana |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Paula Larsen  palarsen@wernerco.com |
| | Email Notification,  William Tidwell  tidwewd@wernerco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 3867 Plaza Tower Dr. |
| | Baton Rouge, LA 70816 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**            Tue, Jun 17, 2025
**Server Name:**     Drop Service

| Entity Served | WERNER CO. |
|---|---|
| Case Number | C-144445 B |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |

D4061537

# CITATION FOR PETITION

| | |
|---|---|
| **JOSE GUEVARA, ET AL** | **23RD JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-144445 B** |
| **WERNER CO., ET AL** | **PARISH OF ASCENSION**<br>**STATE OF LOUISIANA** |

**WERNER CO.**                                               Parish of EAST BATON ROUGE
**THRU REGISTERED AGENT CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DR**
**BATON ROUGE, LA 70816**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES .

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the 23RD JUDICIAL DISTRICT COURT located at 607 E. WORTHEY STREET, GONZALES, LA 70737 within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

C. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

D. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

D. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the 23rd Judicial District Court on the 10TH DAY OF JUNE, 2025.

ASCENSION DEPUTY CLERK FOR
BRIDGET HANNA, CLERK OF COURT

REQUESTED BY: NOWAK, ERIC R

**SERVICE**

**RECEIVED**
**DATE**
JUN 1 6 2025

**E.B.R. Sheriff's Office**

Ascension    C-144445
.Filed Jun 09, 2025 3:42 PM    B
JILL LAMBERT
. Deputy Clerk of Court
E-File Received Jun 09, 2025 1:57 PM

TWENTY-THIRD JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

STATE OF LOUISIANA

NO.                                                    DIVISION ""

JOSE FRANCISCO MEJIA GUEVARA

VERSUS

WERNER CO., NEW WERNER HOLDING CO., INC., and HOME DEPOT USA, INC.

| FILED | DEPUTY CLERK |
|---|---|

### Petition for Damages

Jose Franciso Mejia Guevara (hereinafter "Petitioner"), a person of the full age of majority, and at the time relevant to this case was a resident of Texas and was working in Ascension Parish, Louisiana, and with respect offers the allegations that follow:

1. Made Defendants are:

    a. Werner Co., which, upon information and belief, is a corporation organized under the laws of a state other than the State of Louisiana, but is authorized to do, and is actually doing business in the Parish of Ascension, State of Louisiana (hereinafter may be referred to as "Werner");

    b. New Werner Holding Co., Inc. which, upon information and belief, is a corporation organized under the laws of a state other than the State of Louisiana, but is authorized to do, and is actually doing business in the Parish of Ascension, State of Louisiana (hereinafter may be referred to as "New Werner");

    c. Home Depot USA, Inc., which, upon information and belief, is a corporation organized under the laws of a state other than the State of Louisiana, but is authorized to do, and is actually doing business in the Parish of Ascension, State of Louisiana (hereinafter may be referred to as "Home Depot").

2. Venue in this Court is proper pursuant to Louisiana Code of Civil Procedure article 74 because the incident at issue, the offence, and the damages – selling scaffolding that was unsafe, not fit for its purpose, not properly made in construction and design and without adequate warnings, and that bent and collapsed under expected, normal, and reasonable

Certified True and
Correct Copy
CertID: 2025061000032

Ascension Parish
Deputy Clerk Of Court

Generated Date:
6/10/2025 9:21 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

use and that caused Petitioner to fall more than 10 feet and to be injured – occurred in Ascension Parish and, therefore, the wrongful conduct occurred and the damages were sustained in Ascension Parish.

3. Defendants are liable jointly, severally, and in solido to Petitioner for the full amount of damages suffered by Petitioner, together with legal interest from the date of judicial demand until paid.

4. On or about June 15, 2024, Petitioner, Mr. Guevara, was a customer at The Home Depot located at 2740 S. Cajun Avenue, Gonzales, Louisiana.

5. In 2024 and through June 2024, The Home Depot chose to advertise, market, and sell scaffolding. Specifically, it chose to advertise, market, and sell Steel Mult-Purpose Rolling Scaffolding, which was labelled to be and believed to be made by Werner Co.

6. On June 15, 2024, The Home Depot sold to Mr. Guevara two Werner 6.0 ft. x H x 6.2 ft. W x 2.5 ft. D Steel Multipurpose Rolling Scaffolding labelled, marketed, and sold as having a 1250 lbs. load capacity. The Home Depot was the seller.

7. The next day, June 16th, Petitioner was working at The Church of Jesus Christ of Latter-Day Saints at 502 E. Hwy 30, Gonzales, Louisiana 70737. He was on the scaffolding purchased at The Home Depot the day before. As he was on the scaffolding, approximately 10 feet above the ground, one of the scaffolding legs bent and collapsed. The bend and collapse of the scaffolding caused Petitioner to fall off the scaffolding onto the ground. The ground below the scaffolding was cement, and Petitioner was seriously hurt.

8. The Petitioner was using the scaffolding reasonably and in a way that it was intended to be used, in fact it was being used in a way that it was designed to be used, marketed to be used, and sold to be used.

9. There was no reason for the Petitioner to know or believe that the scaffolding would not support him and that it would bend and collapse causing him to fall to the ground.

10. There was no warning to the Petition that the scaffolding would not support him and that it would bend and collapse causing him to fall to the ground, indeed the opposite of warning existed as it was held out to support him as being used.

2

Natalie Hanna


**Certified True and Correct Copy** CertID: 2025061000032

Ascension Parish
Deputy Clerk Of Court

Generated Date: 6/10/2025 9:21 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

11. Upon information and belief, The Home Depot obtained and purchased this scaffolding from Werner and New Werner.

12. Werner and New Werner were the sellers, manufacturers, and distributors of the scaffolding sold that was provided and sold to The Home Depot and that was subsequently used by the Petitioner on June 16, 2024, when it bent and collapsed.

13. None of the Defendants alerted or warned the Petitioner in any way that the scaffolding was unsafe, defective, or that it could not be used as marketed, sold, and intended. In fact, they asserted the opposite, that it was safe and could be used as scaffolding in the way Petitioner used it.

14. The scaffolding as sold was useless and so inconvenient to use that the Petitioner, or any buyer, would not have bought it had he known of the defect.

15. Moreover, the scaffolding sold was not reasonably fit for its ordinary purpose.

16. And the defendants had reason to know the particular purpose the buyer intended for the scaffolding, and the Petitioner relied on the sellers' skill and judgment in selecting it generally and specifically as scaffolding, and the scaffolding was not fit for the buyer's intended use and the particular purpose as safe scaffolding that would not bend under the normal and intended use.

17. Petitioner experienced severe and significant side injuries from the fall. He initially went to the Our Lady of the Lake Ascension Hospital, where it was noted that he had head, neck, facial, and wrist pain, along with headaches, dizziness, lacerations and abrasions on his face, chest, and thorax. Doctors treated him, provided stitches, and ordered multiple x-rays and CT scans. He was later treated by Dr. Derek Martin for neck, back, shoulder, and wrist pain, along with noted headaches, anxiety, dizziness, memory loss, muscle spasms, soreness, numbness, and tingling in neck, back, trunk, and his right shoulder, arm, and wrist. He was also seen by orthopedist Dr. David Singleton and neurologist Dr. J. Lotfi for his pain and injuries.

18. Petitioner avers that the said occurrence and injuries and his damages were caused legally, solely, and entirely by The Home Depot, Werner Co., and The New Werner Co.:

3



**Certified True and Correct Copy**
CertID: 2025061000032

Generated Date:
6/10/2025 9:21 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

a. Failing to use reasonable care and vigilance in constructing, designing, warning, marketing, and selling the scaffolding;

b. Knowingly selling, constructing, designing, and failing to warn Petitioner that the scaffolding was defective, not safe, not fit for its intended purposes, not what it purported to be, not fit for ordinary use, and not what it was marketed or sold be.

c. Failing to tell the Petitioner and others that the scaffolding was defective, not safe, not fit for its intended purposes, not what it purported to be, not fit for ordinary use, not what it was marketed or sold be, and not meeting the express warranties for the product.

d. Disregarding the safety of the Petitioners and others;

e. Any and all other acts of fault, negligence, failure to warn, breach of redhibition, warranty, fitness for ordinary use and purpose, or any other failures or default by a manufacturer or seller of scaffolding and other equipment.

19. The defendants are liable for all damages caused by the fault, negligence, failure to warn, breach of redhibition, warranty, fitness for ordinary use and purpose, or any other failures or default by any of their employees whether the actions were done knowingly, unknowingly, negligently, or through want of skill, and omissions of action. The defendants are liable directly and under legal concepts of being responsible for the damages caused by the fault and acts of those for whom defendants are answerable and for servants, overseers, and employees acting in the exercise of their functions, including the theory of *repondeat superior* and Louisiana Civil Code articles 2315, 2316, 2317, and 2320.

20. The defendants are liable for all damages under the Louisiana Products Liability Act, specifically all of Petitioner's damages sustained from the Petitioner's reasonably anticipated use and proximately caused by defendants' product and that product's characteristics that were unreasonably dangerous due to its (a) defective construction or composition, (b) defective design, (c) inadequate warning along with failures to reasonably warn, and (d) nonconformity with express warranties.

4

Certified True and Correct Copy
CertID: 2025061000032

Ascension Parish
Deputy Clerk Of Court

Generated Date:
6/10/2025 9:21 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

21. The defendants, as the manufacturer and seller of the defective product, are also liable to Petitioner under the legal concept of redhibition, specifically as a seller presumed to know the defect, and thus liable for the purchase price, interest, all damages including damages to repair and heal Petitioner, and attorney's fees, *see* Louisiana Civil Code articles 2520, 2524, 2529, and 2545.

22. Petitioner alleges and avers that the defendants and their employees caused severe and painful injuries to his mind and body; for which he has been obliged to undergo medical treatment, including the suffering of pain and mental anguish and permanent impairment to health.

23. Petitioner avers that he has a right to recover damages from the Defendants herein for all mental and physical pain and suffering, medical expenses, disability, property damage, and any and all other items of damages which are available under law and that may be associated herewith.

24. Petitioner demands a jury trial on all issues.

WHEREFORE, Petitioner, Jose Mejia Guevara, prays that after due proceedings are had, there be judgment in his favor and against the Defendants, for all damages that are reasonable in the premises, including reasonable attorney's fees and costs, and interest at the rate permitted by law, from the date of judicial demand until paid. Petitioner further prays for all other relief to which he may be entitled in law or equity.

Respectfully submitted:

*Eric R Nowak*
_____
Eric R. Nowak (#27025)
HARRELL & NOWAK, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 522-7885
Facsimile: (504) 528-3131
**Attorney for Petitioner,**
    **Jose Francisco Mejia Guevara**

**Please serve:**
Home Depot U.S.A., Inc.
Through its registered agent:
CSC of ST. Tammany Parish, Inc.
471 W. 21st Avenue
Covington, LA 70433                    (more service instructions next page)

5

**Certified True and Correct Copy**
CertID: 2025061000032

Ascension Parish
Deputy Clerk Of Court

Generated Date:
6/10/2025 9:21 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Werner Co., A Corporation of Delaware
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**Please prepare and issue Long-arm Service for the following:**

New Werner Holding Co., Inc.
93 Werner Road
Greenville, Pennsylvania 16125

**Certified True and
Correct Copy**
CertID: 2025061000032

Ascension Parish
Deputy Clerk Of Court

Generated Date:
6/10/2025 9:21 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).